MERRITT *v.* AMERICAN DOCK & TRUST CO.

(*Superior Court of New York City, General Term.* February 2, 1891.)

1. ASSUMPSIT—VOLUNTARY SERVICES—IMPLIED PROMISE TO PAY.
    An instruction to the jury, which charges "that whenever a man, without the invitation of another, renders services or makes an offer to render services to another, and the other stands by and accepts the efforts of the first person, and uses whatever service is bestowed, the law infers a promise upon the part of the man who has received the benefit to pay for that benefit such sum as is fair and reasonal,e," is inapplicable to a case in which voluntary services were rendered by the plaintiff's steam fire-boats in extinguishing a fire in the defendant's warehouse, which was largely insured, and filled with goods belonging to others.

2. SAME.
    In such case the defendant is not estopped to deny its liability by the fact of its acceptance of such services, since he had a right to assume that they were rendered at the instance and on behalf of the fire insurance companies and owners of goods on storage.

Appeal from jury term.

Action by Israel J. Merritt against the American Dock & Trust Company to recover for work and services rendered in endeavoring to extinguish a fire in defendant's warehouse. Defendant appeals from a judgment for plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*William L. Mullen,* for appellants.   *Henry D. Hotchkiss,* for respondent.

INGRAHAM, J.   This action is brought to recover for work and services rendered in endeavoring to extinguish a fire, whereby defendants' warehouse was destroyed, from the 20th to the 23d of January, 1886, both inclusive. It appeared that the plaintiff was the owner of certain steam-boats, kept for the purpose of rendering assistance to disabled vessels or extinguishing fires, and that the captains of two of such steam-boats, seeing the defendants' warehouse in flames, on the 20th of January, 1886, proceeded to the docks adjoining the warehouse, and endeavored to extinguish the fire. There is no claim that there was any express request by the defendants to the plaintiff to render such service on the 20th of January. It appeared that on the evening of the 20th of January the agents of the plaintiff were requested to withdraw their boats by one of the officers of the defendants, and that, during the time that the plaintiff's boats were present assisting in putting out the fire, one or more officers of the company were present. The plaintiff also produced evidence tending to show that on the following day, the fire having broken out afresh, one of the defendants' officers told a police officer to request the plaintiff to send back the boats; that such request was communicated to the plaintiff's agents, and that, in response thereto, the boats returned on the 21st, and rendered service until the 23d. The giving of such an order was denied by defendants, but I am inclined to think that the evidence was sufficient to sustain a verdict for the plaintiff, if they believed the testimony of plaintiff's witnesses, for the reasonable value of the services rendered on the 21st and on the subsequent days. After the plaintiff had given his testimony, the defendants moved to dismiss the complaint, so far as the services are alleged to have been performed on the 20th of January, 1886, for the reason that there was no pretense made that the plaintiff on that occasion was employed by defendants, or even requested by defendants to do any work. That motion was denied. The court held that the fact that the defendants stood by and received the assistance offered by plaintiff without any warning to him that they declined it, or that they would not compensate him for it according to what was fair and just, carried with it the implication of an intent on the part of the defendants to pay what was fair and right for the services rendered. This motion was renewed at the end of the testimony, and again denied. The court charged the jury "that whenever one man, without the invitation of another, renders services or makes an offer to render service to another, and the other stands by and accepts the efforts of the first person, and uses whatever service his actions bestow upon them, the law infers a promise, upon the part of the man who has received the benefit, to pay for that benefit such sum as is fair and reasonable;" and directed the jury to apply this rule of law to this case. We think that the rule stated by the learned judge had no application to the case at bar. The defendants, it is true, were the owners of the warehouse that was in flames. It appears, however, that they were largely insured, and that the warehouse was filled with goods belonging to others. Thus it would appear that the insurance companies, and those having goods on storage with the defendants, were equally interested with the defendants in putting out the fire. There was no more reason for the defendants to suppose that the services of the plaintiff were rendered for their benefit than for the benefit of the insurance companies or for the benefit of those having goods on storage. The defendants were not, therefore, placed

in such a position that they were bound to notify the plaintiff, as soon as they were aware of the fact that he was endeavoring to put out the fire, that he must stop or the defendants would not be responsible. The defendants had not employed the plaintiff, and there was no reason why the defendants should not have supposed that the boats had been sent by one of the other parties interested in the property. The defendants did not avail themselves of the benefit of any of the services rendered by the plaintiff. They did not accept such services. All that can be said is that they did not object when they saw others joining with their agents in endeavoring to put out the fire. And I can see no ground upon which it can be held that, under such circumstances, the owners of property being destroyed by fire are under any implied obligation to pay those who voluntarily appeared and aided in putting out the fire or saving the property. The defendants excepted to the charge of the court which states, in substance, that if by legal inference a contract is presumed, the plaintiff is entitled to recover; and I think that exception raises the question. It is true that the jury might have found an express employment on the 21st; but in the way the case was submitted to them they might have also found that, although there was no express employment on the 21st, the defendants were liable because they did not dissent or refuse to allow plaintiff to throw water upon the fire. We think, therefore, the judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.